IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03311-CBS

UNITED STATES OF AMERICA,

      Plaintiff,
v.

$1,700.00 SEIZED FROM JPMORGAN CHASE BANK ACCOUNT XXXXX1080;
$840,093.15 SEIZED FROM JPMORGAN CHASE BANK ACCOUNT XXXXXX6386;
$5,603.45 SEIZED FROM JPMORGAN CHASE BANK ACCOUNT XXXXX2707;
$32,841.67 SEIZED FROM JPMORGAN CHASE BANK ACCOUNT XXXXX1829; and
$50,175.31 SEIZED FROM JPMORGAN CHASE BANK ACCOUNT XXXXXXX3111,

      Defendants.

---

ORDER ON MOTION FOR DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

---

Magistrate Judge Craig B. Shaffer

      This action comes before the court on Plaintiff United States' Motion for Default and Final Order of Forfeiture (doc. #34), filed on December 15, 2016. This case was assigned to the court under the Magistrate Judge Pilot Project to Assign Civil Cases to Full Time Magistrate Judges (doc. #5) on December 5, 2014.[1] As of this date, no response to the Motion has been filed. The court has reviewed the Motion, the entire case file, and the applicable law, and is sufficiently advised in the premises.

---

[1] Through this program magistrate judges were directly assigned civil cases, and with consent of the parties under 28 U.S.C § 636(c), could conduct all proceedings and order the entry of judgment. The objective of the Pilot Program (now in existing local rules), was to maximize available judicial resources and provide earlier and more firm trial dates for civil cases. *See* United States District Court for the District of Colorado, *Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges*, (Dec. 4, 2013), http://www.cod.uscourts.gov/Portals/0/Documents/Announcements/MJ-Consent-Pilot-Program_12-04-2013.pdf.

1

## Procedural Background

Plaintiff United States commenced this action on December 4, 2014 by filing a Verified Complaint (doc. #3) *in rem* pursuant to 18 U.S.C. § 981(a)(1)(C) seeking forfeiture of the contents of five JPMorgan Chase bank accounts [hereinafter the Bank Accounts]: $1,700.00 from account XXXXX1080; $840,093.15 from account XXXXXX6386; $5,603.45 from account XXXXX2707; $32,841.67 from account XXXXX1829; and $50,175.31 from account XXXXXXX3111. The United States alleges in its Complaint that the Bank Accounts were used in a fraudulent investment scheme. Between filing the Complaint in 2014 and the pending motion for default judgment in 2016, Plaintiff filed several status reports indicating that the underlying criminal investigation was ongoing. On October 14, 2016 the court informed Plaintiff it had until December 14, 2016 to move the case forward. Following Plaintiff's Motion for Entry of Default (doc. #32) on December 14, 2016, default (doc. #33) was entered by the Clerk under Federal Rules of Civil Procedure 55(a) as to the Bank Accounts. The United States then filed a motion for default judgment (doc. #34) on December 15, 2016. Plaintiff United States tendered written consent (doc. #37) to magistrate judge jurisdiction on March 27, 2017. Pursuant to 28 U.S.C. §§ 1345 and 1355, the United States District Court for the District of Colorado has subject matter jurisdiction over forfeiture actions brought by the United States, and venue here is proper under 28 U.S.C § 1395 as some of the acts occurred in the District of Colorado.

Forfeiture actions *in rem* are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions [hereinafter the Supplemental Rules]. *United States v. $9,020.00 in U.S. Currency*, 30 F. App'x 855, 856 (10th Cir. 2002). Rule G(4)(a) of the Supplemental Rules requires that notice containing a description of the property, deadline to file a claim, and the name of the attorney to be served with the claim be published in

a newspaper or government website for 30 days. Rule G(4)(b) of the Supplemental Rules requires that notice containing the date, deadline for a claim, and the name of the attorney to be served with the claim be sent to all persons reasonably known by the government to be a potential claimant. Under Rule G(5)(a) of the Supplemental Rules, a claim must be filed by the time stated in the notice sent under Rule G(4)b, or "no later than 60 days after the first day of publication on an official internet government forfeiture site."

A potential claimant lacks standing to assert a claim over the property outside of the proper procedures and deadlines in the Supplemental Rules. *United States v. $5,565.000 in United States Currency*, No. 09-cv-02212-WDM-MEH, 2010 WL 4256211, at *2 (D. Colo. Sept. 20, 2010) (citations omitted). The requirements for filing a claim under the Supplemental Rules "must be strictly enforced." *Id.* To contest the forfeiture, a person who asserts an interest in the property must file a claim with the court while the action is pending. *Id.* Time restrictions in the Supplemental Rules ensure that claimants come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay. *United States v. One Parcel of Real Prop. Known as 16614 Cayuga Road*, 69 F. App'x 915, 921 (10th Cir. 2003). If no claim or response has been filed within the time limits required by law, the district court should enter a default judgment for the government. *$5,565.000 in United States Currency*, 2010 WL 4256211, at *2.

Plaintiff states it has complied with all notice and service requirements for forfeiture outlined in the Supplemental Rules. The United States filed a Notice for Forfeiture Action (doc. # 27), which was published on the government site www.forfeiture.gov on July 12, 2016, and remained public for 30 days. Plaintiff then, on October 14, 2016, served a Notice of Complaint for Forfeiture (doc. #31) to all parties known to reasonably be potential claimants. The deadline

for filing a claim has passed, and no claims or responsive pleadings have been filed. Thus, the United States is the only party to this action.

## Analysis

Whether the court has consent jurisdiction over this claim is a threshold matter. A magistrate judge "may conduct any or all proceedings in a…civil matter and order the entry of judgment in the case" with the consent of the parties. 28 U.S.C. § 636(c)(1). Voluntary consent is necessary to vest a magistrate judge with the authority to enter judgment on claims under § 636(c). *See Roell v. Withrow*, 538 U.S. 580, 581 (2003). In accordance with § 636(c), a magistrate judge only needs the consent of all parties to the action at the time of the order for default judgment. *See United States v. Real Prop.*, 135 F.3d 1312, 1317 (9th Cir. 1998); *see also UFCW Local 880-Retail Food Emp'r Joint Pension Fund v. Newmont Mining Corp.*, 261 F. App'x 105, 109 (10th Cir. 2008).

Consent from a property owner in an *in rem* proceeding is not required for magistrate judge jurisdiction when notice and service requirements are satisfied. *Real Prop.*, 135 F.3d at 1317. "A [potential] defendant or respondent who does not receive service or make an appearance in a proceeding is not a 'party' to that case." *Solan v. Chappell*, No. EDCV 13-01779 SS, 2013 WL 6839433, at n. 3 (C.D. Cal. Dec. 27, 2013) (citing *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009)); *see also United States ex. rel. Eisenstein v. City of New York*, 556 U.S. 928, 937 (2009). Proper notice has been appropriately delivered and published under the Supplemental Rules. No other parties or claimants have come forward or are part of this proceeding. Accordingly, with the consent of all parties in this action, the court has the authority to enter judgment. *See Buckley v. Wagstaffe*, No. 15-cv-06231-DMR, 2016 WL

2641541, at n. 1 (C.D. Cal. May 10, 2016) (citations omitted); *see also United States v. 709 Santa Barbara Av.*, No. 14-cv-01360-MJW, 2014 WL 7051365, at *1 (D. Colo. Dec. 12, 2014).

Pursuant to Rule 55(b), default judgment may enter against a party who fails to appear or otherwise defend a case brought against him or her. However, a party is not entitled to the entry of default judgment as a matter of right. *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-02445-LTB-MJW, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn. Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). Even after the entry of default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true. *Id.* The decision whether to enter judgment by default is committed to the sound discretion of the court. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

The forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of "specified unlawful activity" or a conspiracy to commit such an offense is provided for in 18 U.S.C. § 981(a)(1)(C). "Specified unlawful activity" under § 1956(c)(7) includes violations of §§ 1343 (wire fraud) and 1341 (mail fraud). *See United States v. Fishman*, 645 F.3d 1175, 1187 (10th Cir. 2011). Plaintiff United States alleges in its Verified Complaint that the funds seized from the Bank Accounts constitute and derive from proceeds traceable to violations of 18 U.S.C. §§ 1343 and 1341. Specifically, Plaintiff asserts that these funds derive from an investment scheme claiming high yields through the trading of fictitious "medium term bank notes" overseas. Plaintiff claims the principle investments were actually

5

used to pay back purported interest and as personal funds by the perpetrators. Based upon the facts and verification set forth in the Verified Complaint, it appears by a preponderance of the evidence that there is cause to issue a forfeiture order under 18 U.S.C. § 981(a)(1)(C).

**Conclusion**

The court grants Plaintiff United States' Motion for Default and Final Order of Forfeiture and enters default judgment and forfeiture of the funds seized from the subject JPMorgan Chase bank accounts: $1,700.00 from account XXXXX1080; $840,093.15 from account XXXXXX6386; $5,603.45 from account XXXXX2707; $32,841.67 from account XXXXX1829; and $50,175.31 from account XXXXXXX3111. The Clerk of Court shall enter judgment accordingly, Plaintiff to bear its costs.

Dated this 29th of June 2017.

                                                  **BY THE COURT:**

                                                  /s Craig B. Shaffer
                                                  United States Magistrate Judge